IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TOMMY WELLS, JR. | § | CASE 12-90316 |
| | § | |
| Debtor | § | CHAPTER 13 |

## HUNTINGTON STATE BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO HOMESTEAD PROPERTY, WAIVER OF 30-DAY HEARING REQUIREMENT AND REQUEST FOR HEARING IN BEAUMONT OR LUFKIN DIVISIONS

TO THE HONORABLE U. S. BANKRUPTCY JUDGE:

COMES NOW, Huntington State Bank, hereinafter called "Movant", a secured Creditor in the above-referenced matter, and files this its Motion for Relief from Automatic Stay as to Homestead Property, Waiver of 30-day Hearing Requirement and Request for Hearing in Beaumont or Lufkin Divisions.

I.

**NO HEARING WILL BE CONDUCTED ON THIS MOTION FOR RELIEF UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILEING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVIED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

II.

On or about October 25, 2012, Debtor filed this Petition under Chapter 13 of the Bankruptcy Code.

III.

The Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C., Section 1471; 11 U.S.C., Section 362; and various Bankruptcy Rules, including Rules 9013 and 9014. This is a "core" proceeding.

IV.

At the time of the filing of the Debtor's Petition, the Debtor and his wife were justly and truly indebted to Movant under an Adjustable Rate Real Estate Lien Note dated September 27, 2001, in the original principal amount of $173,000.00 payable to Huntington State Bank and Executed by Tommy Earl Wells, Jr. and Cheryl Lynn Wells, a true and correct copy of which is attached hereto as **Exhibits "A"**.

V.

The above-described note is secured by a Deed of Trust on the property described therein. The Debtor claims such property as his homestead. A true and correct copy of the Deed of Trust dated September 27, 2001 is are attached hereto as **Exhibits "B".**

VI.

The above-described note attached hereto as **Exhibit "A"** is now in default. Debtor, is now indebted to Huntington State Bank in the amount of $96,262.97 under **Exhibit "A"**, with the last payment being made for the September 2012, installment. Debtor has failed to pay the unpaid prepetition installment for October 1, 2012 or provide for payment of same in his Chapter 13 Plan. Debtor has also defaulted on his obligation to make post-petition payments direct to Movant as provided in his confirmed Plan. Specifically, Debtor has defaulted by failing to pay those installments that became due on the 1st day of each month from August through November, 2013. Movant believes Debtor has evidenced the inability to service the debt;

the inability to service the debt; therefore, unless Movant is allowed to foreclose upon the property described in **Exhibits "B"**, Movant will suffer substantial, immediate and irreparable harm, loss and damage.

IX.

Movant would show that by reason of the foregoing and other occurrences, Debtor has demonstrated past inability and is still unable to afford adequate protection. By reason of the Debtors' inability to afford adequate protection for Movant, good cause exists to vacate the automatic stay of 11 U.S.C., Section 362(a) of the Bankruptcy Code, regarding the Debtors' property.

X.

Should hearing be requested, Movant waives the 30 day hearing requirement and requests that the hearing be held as soon as practical in the Beaumont or Lufkin Division.

WHEREFORE, PREMISES CONSIDERED, Huntington State Bank respectfully prays that the Honorable Court enter an Order terminating or modifying the automatic stay of Section 362(a) and granting such other and further relief, both at law and in equity, to which Huntington State Bank may be justly entitled.

Respectfully submitted,

HENRY & FULLER

2175 North Street
Beaumont, Texas  77701
(409) 835-2700
(409) 835-2757 Fax

By: _____
Kevin M. Fuller
TBA #07521490
Attorney for Huntington State Bank

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served via the Court's electronic service system or via certified mail, return receipt requested, and/or U. S. first class mail to the following:

Mr. W. David Stephens
PO Box 444
103 East Denman
Lufkin, Texas  75901

Mr. John J. Talton
Chapter 13 Trustee
110 North College Street, Suite 1200
Tyler, Texas  75702

Mr. Tommy Wells, Jr. and
Mrs. Cheryl Wells
13727 North US 59
Nacogdoches, Texas  75961

*__Via CM/RRR# 7013 1710 0001 9876 9277 and U. S. First Class Mail__*

on this the _____ day of November, 2013.

KEVIN M. FULLER