# EXHIBIT "B"

WRR09.2601cc
GF#01-0006NAC HSB/Well

CERTIFIED TO BE A TRUE AND CORRECT COPY
BY _____

## DEED OF TRUST

THE STATE OF TEXAS        I
                                              KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF NACOGDOCHES   I

That WE, TOMMY EARL WELLS, JR. and wife, CHERYL LYNN WELLS, of Nacogdoches County, Texas, hereinafter called "Grantors" (whether one or more), for the purpose of securing the indebtedness hereinafter described, and in consideration of the sum of TEN AND NO/100 ($10.00) DOLLARS to us in hand paid by the Trustee hereinafter named, the receipt of which is hereby acknowledged, and for the further consideration of the uses, purposes and trusts hereinafter set forth, have GRANTED, SOLD and CONVEYED, and by these presents do GRANT, SELL and CONVEY unto KENNETH W. MARSHALL, Trustee, of Angelina County, Texas, and his substitutes or successors, all of the following described property situated in Nacogdoches County, Texas, described as follows:

All that certain lot, tract or parcel of land lying and situated in Nacogdoches County, Texas, and being more particularly described by metes and bounds in the attached Exhibit "A", which Exhibit "A" is attached hereto, incorporated herein by reference and made a part hereof for any and all purposes the same as if copied herein verbatim.

TO HAVE AND TO HOLD the above described property, together with the rights, privileges and appurtenances thereto belonging unto the said Trustee, and to his substitutes or successors forever. And Grantors do hereby bind themselves, their heirs, executors, administrators and assigns to warrant and forever defend the said premises unto the said Trustee, his substitutes or successors and assigns forever, against the claim, or claims, of all persons claiming or to claim the same or any part thereof.

This conveyance, however, is made in TRUST to secure payment of one certain promissory note of even date herewith in the principal sum of ONE HUNDRED SEVENTY THREE THOUSAND AND NO/100 ($173,000.00) DOLLARS, executed by Grantors, payable to the order of HUNTINGTON STATE BANK, in the City of Huntington, Angelina County, Texas, as follows, to-wit:

Said Note being due and payable as therein specified, and providing for a final maturity date of October 1, 2026;

bearing interest as therein stipulated, providing for acceleration of maturity and for attorney's fees.

Should Grantors do and perform all of the covenants and agreements herein contained, and prompt payment of said indebtedness be made as the same shall become due and payable, then this conveyance shall become null and void and of no further force and effect, and shall be released at the expense of Grantors, by the holder thereof, hereinafter called "Beneficiary" (whether one or more).

Grantors covenant and agree as follows:

That they are lawfully seized of said property, and have the right to convey the same; that said property is free from all liens and encumbrances, except as herein provided.

Subject to applicable law and/or to a written waiver by Beneficiary, Grantor shall pay to Beneficiary on a day monthly payments are due under the Note secured hereby (the "Note"), until the Note is paid in full, a sum ("Funds") equal to one-twelfth (1/12th) of (a) yearly taxes and assessments which may attain priority over this Deed of Trust Lien, and (b) yearly hazard insurance premiums. These items are called "Escrow Items". Beneficiary may estimate the Funds due on the basis of current data and reasonable estimates of future Escrow Items.

The Funds shall be held in an institution, the deposits or accounts of which are insured or guaranteed by a Federal or State agency. Beneficiary shall apply the Funds to pay the Escrow Items. Beneficiary may not charge for holding and applying the Funds, analyzing the account or verifying the Escrow Items, unless Beneficiary pays Grantor interest on the Funds and applicable law permits Beneficiary to make such a charge. Grantor and Beneficiary may agree in

WRR09.2601cc
GF#01-0006NAC HSB/Wells

writing that interest shall be paid on the Funds. Unless an agreement is made or applicable law requires interest to be paid, Beneficiary shall not be required to pay Grantor any interest or earnings on the Funds. Beneficiary shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sum secured by this Deed of Trust.

Beneficiary may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Grantor's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 USC 2601 et. seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Beneficiary for Escrow Items exceed the amounts permitted to be held by RESPA, Beneficiary shall deal with the excess funds as required by RESPA. If the amounts of funds held by Beneficiary at any time are not sufficient to pay the Escrow Items when due, Beneficiary may notify the Borrower and require Borrower to make up the shortage or deficiency as permitted by RESPA.

Upon payment in full of all sums secured by this Deed of Trust, Beneficiary shall promptly refund to Grantor any Funds held by Beneficiary. If the herein described property is sold by the Trustee (or any Substitute Trustee) or acquired by Beneficiary, Beneficiary shall apply, no later than immediately prior to the Trustee's Sale of the Property or its acquisition by Beneficiary, any Funds held by Beneficiary at the time of application as a credit against the sum secured by this Deed of Trust.

To protect the title and possession of said property and to pay when due all taxes and assessments now existing or hereafter levied or assessed upon said property, or the interest therein created by this Deed of Trust, and to preserve and maintain the lien hereby created as a first and prior lien on said property including any improvements hereafter made a part of the realty.

To keep the improvements on said property in good repair and condition, and not to permit or commit any waste thereof; to keep said buildings occupied so as not to impair the insurance carried thereon.

To insure and keep insured all improvements now or here-after created upon said property against loss or damage by fire and windstorm, and any other hazard or hazards as may be reasonably required from time to time by Beneficiary during the term of the indebtedness hereby secured, to the extent of the original amount of the indebtedness hereby secured, or to the extent of the full insurable value of said improvements, whichever is the lesser, in such form and with such insurance company or companies as may be approved by Beneficiary, and to deliver to Beneficiary the policies of such insurance having attached to said policies such mortgage indemnity clause as Beneficiary shall direct; to deliver renewals of such policies to Beneficiary at least ten (10) days before any such insurance policies shall expire; any proceeds which Beneficiary may receive under any such policy, or policies, may be applied by Beneficiary, at his option, to reduce the indebtedness hereby secured, whether then matured or to mature in the future, and in such manner as Beneficiary may elect, or Beneficiary may permit Grantors to use said proceeds to repair or replace all improvements damaged or destroyed and covered by said policy.

That in the event Grantors shall fail to keep the improvements on the property hereby conveyed in good repair and condition, or to pay promptly when due all taxes and assessments, as aforesaid, or to preserve the prior lien of this Deed of Trust on said property, or to keep the buildings and improvements insured, as aforesaid, or to deliver the policy, or policies, of insurance or the renewal thereof to Beneficiary, as aforesaid, then Beneficiary may, at his option, but without being required to do so, make such repairs, pay such taxes and assessments, purchase any tax title thereon, remove any prior liens, and prosecute or defend any suits in relation to the preservation of the prior lien of this Deed of Trust on said property, or insure and keep insured the improvements thereon in an amount not to exceed that above stipulated; that any sums which may be so paid out by Beneficiary and all sums paid for insurance premiums, as aforesaid, including the costs, expenses and Attorney's fees paid in any suit affecting said property when necessary to protect the lien hereof shall bear interest from the dates of such payments at the rate stated in said note, and shall be paid by Grantors to Beneficiary upon demand, at the same place

WRR09.2601cc
GF#01-0006NAC HSB/Wells



at which the above described note is payable, and shall be deemed a part of the debt hereby secured and recoverable as such in all respects.

That in the event of default in the payment of any installment, principal or interest, of the note hereby secured, in accordance with the terms thereof, or of a breach of any of the covenants herein contained to be performed by Grantors, then and in any of such events Beneficiary may elect, Grantors hereby expressly waiving presentment and demand for payment, to declare the entire principal indebtedness hereby secured with all interest accrued thereon and all other sums hereby secured immediately due and payable, and in the event of a default in the payment of said indebtedness when due or declared due, it shall thereupon, or at any time thereafter, be the duty of the Trustee, or his successor or substitute as hereinafter provided, at the request of Beneficiary (which request is hereby conclusively presumed), to enforce this trust; and after advertising the time, place and terms of the sale of the above described and conveyed property, then subject to the lien hereof, and mailing and filing notices as required by Section 51.002, Texas Property Code, as then amended (successor to article 3810, Texas Revised Civil Statutes), and otherwise complying with that statute, the Trustee shall sell the above described property, then subject to the lien hereof, at public auction in accordance with such notices on the first Tuesday in any month between the hours of ten o'clock A.M. and four o'clock P. M., to the highest bidder for cash, selling all of the property as an entirety or in such parcels as the Trustee acting may elect, and make due conveyance to the Purchaser or Purchasers, with general warranty binding Grantors, their heirs and assigns; and out of the money arising from such sale, the Trustee acting shall pay first, all expenses of advertising the sale and making the conveyance, including a commission of five (5%) percent to himself, which commission shall be due and owing in addition to the Attorney's fees provided for in said note, and then to Beneficiary the full amount of principal, interest, Attorney's fees and other charges due and unpaid on said note and all other indebtedness secured hereby, rendering the balance of the sales price, if any, to Grantors, their heirs or assigns; and the recitals in the conveyance to the Purchaser or Purchasers shall be full and conclusive evidence of the truth of the matters therein stated, and all prerequisites to said sale shall be presumed to have been performed, and such sale and conveyance shall be conclusive against Grantors, their heirs and assigns.

It is agreed that in the event a foreclosure hereunder should be commenced by the Trustee, or his substitute or successor, Beneficiary may at any time before the sale of said property direct the said Trustee to abandon the sale, and may then institute suit for the collection of said note, and for the foreclosure of this Deed of Trust lien; it is further agreed that if Beneficiary should institute a suit for the collection thereof, and for a foreclosure of this Deed of Trust lien, that he may at any time before the entry of a final judgment in said suit dismiss the same, and require the Trustee, his substitute or successor to sell the property in accordance with the provisions of this Deed of Trust.

Beneficiary, if he is the highest bidder, shall have the right to purchase at any sale of the property, and to have the amount for which such property is sold credited on the debt then owing.

Beneficiary in any event is hereby authorized to appoint a substitute trustee, or a successor trustee, to act instead of the Trustee named herein without other formality than the designation in writing of a substitute or successor trustee; and the authority hereby conferred shall extend to the appointment of other successor and substitute trustees successively until the indebtedness hereby secured has been paid in full, or until said property is sold hereunder, and each substitute and successor trustee shall succeed to all of the rights and powers of the original trustee named herein.

In the event any sale is made of the above described property, or any portion thereof, under the terms of this Deed of Trust, Grantors, their heirs and assigns, shall forthwith upon the making of such sale surrender and deliver possession of the property so sold to the Purchaser at such sale, and in the event of their failure to do so, they shall thereupon from and after the making of such sale be and continue as tenants at will of such Purchaser, and in the event of their failure to surrender possession of said property upon demand, the Purchaser, his heirs or assigns, shall be entitled to institute and maintain an action for forcible detainer of said property in the Justice of the Peace Court in the Justice Precinct in which said property, or any part thereof, is situated.

It is agreed that the lien hereby created shall take precedence over and be a prior lien to any other lien of any character whether vendor's, materialman's or mechanic's lien hereafter created on the above described property, and in the event the proceeds of the indebtedness

 

secured hereby as set forth herein are used to pay off and satisfy any liens heretofore existing on said property, then Beneficiary is, and shall be, subrogated to all of the rights, liens and remedies of the holders of the indebtedness so paid.

It is further agreed that if Grantors, their heirs or assigns, while the owner of the hereinabove described property, should commit an act of bankruptcy, or authorize the filing of a voluntary petition in bankruptcy, or should an act of bankruptcy be committed and involuntary proceedings instituted or threatened, or should the property hereinabove described be taken over by a Receiver for Grantors, their heirs or assigns, the note hereinabove described shall, at the option of Beneficiary, immediately become due and payable, and the acting Trustee may then proceed to sell the same under the provisions of this Deed of Trust.

As further security for the payment of the hereinabove described indebtedness, Grantors hereby transfer, assign, and convey unto Beneficiary, all rents issuing or to hereafter issue from said real property, and in the event of any default in the payment of said note or hereunder, Beneficiary, his agent or representative, is hereby authorized, at his option, to collect said rents, or if such property is vacant to rent the same and collect the rents, and apply the same, less the reasonable costs and expenses of collection thereof, to the payment of said indebtedness, whether then matured or to mature in the future, and in such manner as Beneficiary may elect. The collection of said rents by Beneficiary shall not constitute a waiver of his right to accelerate the maturity of said indebtedness nor of his right to proceed with the enforcement of this Deed of Trust.

It is agreed that an extension, or extensions, may be made of the time of payment of all, or any part, of the indebtedness secured hereby, and that any part of the above described real property may be released from this lien without altering or affecting the priority of the lien created by this Deed of Trust in favor of any junior encumbrancer, mortgagee or purchaser, or any person acquiring any interest in the property hereby conveyed, or any part thereof; it being the intention of the parties hereto to preserve this lien on the property herein described and all improvements thereon, and that may be hereafter constructed thereon, first and superior to any liens that may be placed thereon, or that may be fixed, given or imposed by law thereon after the execution of this instrument notwithstanding any such extension of time of payment, or the release of a portion of said property from this lien.

In the event any portion of the indebtedness herein described cannot be lawfully secured by this Deed of Trust lien on said real property, it is agreed that the first payments made on said indebtedness shall be applied to the discharge of that portion of said indebtedness.

Beneficiary shall be entitled to receive any and all sums which may become payable to Grantors for the condemnation of the hereinabove described real property, or any part thereof, for public or quasi-public use, or by virtue of private sale in lieu thereof, and any sums which may be awarded or become payable to Grantors for damages caused by public works or construction on or near the said property. All such sums are hereby assigned to Beneficiary, who may, after deducting therefrom all expenses actually incurred, including attorney's fees, release same to Grantors or apply the same to the reduction of the indebtedness hereby secured, whether then matured or to mature in the future, or on any money obligation hereunder, as and in such manner as Beneficiary may elect. Beneficiary shall not be, in any event or circumstances, liable or responsible for failure to collect, or exercise diligence in the collection of, any such sums.

Nothing herein or in said note contained shall ever entitle Beneficiary, upon the arising of any contingency whatsoever, to receive or collect interest in excess of the highest rate allowed by the laws of the State of Texas on principal indebtedness hereby secured or on any money obligation hereunder and in no event shall the Grantors be obligated to pay interest thereon in excess of such rate.

If this Deed of Trust is executed by only one person or by a corporation, the plural reference to Grantors shall be held to include the singular, and all of the covenants and agreements herein undertaken to be performed by and the rights conferred upon the respective Grantors named herein, shall be binding upon and inure to the benefit of not only said parties respectively but also their respective heirs, executors, administrators, grantees, successors and assigns.

Grantors expressly represent that this Deed of Trust and the note hereby secured are given for the following purpose, to-wit:

WRR09.2601cc
GF#01-0006NAC HSB/We

The indebtedness secured hereby is primarily secured by the Vendor's Lien retained in that Deed of even date herewith from HUNTINGTON STATE BANK to the undersigned and this Deed of Trust is given as further and additional security for the payment thereof.

Grantors hereby agree that, to the extent permitted by law, this Deed of Trust shall secure not only the above described note, but also any and all other indebtednesses now or hereafter owing by Grantors, or any one or more of them, to Beneficiary, whether by note, open account, overdraft, endorsement, surety agreement, guaranty, or otherwise, whether or not such indebtedness is related by class or kind to the transaction involving the above described note, and whether or not it is contemplated by Grantors and Beneficiary, or any of them, at the time of the execution of this Deed of Trust. The lien of this Deed of Trust shall not affect or be affected by any additional security which may be taken as to any such indebtedness. Except as expressly provided herein, no document evidencing such indebtedness need in any manner be identified as being secured hereby. All interest charges and attorney's fees and all renewals and extensions of any indebtedness owing by Grantors to beneficiary are similarly secured by this Deed of Trust. Provided, however, that: (1) Beneficiary shall not be obligated in any respect to renew or extend any of such indebtedness; (2) This Deed of Trust shall not secure any indebtedness which may not be lawfully secured by real estate; (3) This Deed of Trust will not secure an indebtedness if, with respect to that indebtedness, the existence of this lien is required by law to be disclosed, unless that disclosure is given as required; and (4) This Deed of Trust will not secure an indebtedness if any person would thereby be entitled to a notice of the right to rescind such debt, unless notice of the right to rescind is given as provided by law.

If Grantors, or any of them, should sell or transfer all or any part of the property secured by this Deed of Trust, or any legal or equitable interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) a transfer by devise, descent, or operation of law upon the death of a Grantor, and (c) the grant of any leasehold interest of three (3) years or less not containing an option to purchase, but including the foreclosure of any lien or encumbrance described in clause (a) above, Beneficiary may, at Beneficiary's option, declare immediately due and payable all the sums secured by this Deed of Trust (or, if such sums are evidenced by more than one note, any portion of such sums as Beneficiary may elect), without any notice of intent to accelerate or any other prior notice or demand. Beneficiary shall have waived the option to accelerate if, in writing and prior to any such sale or transfer, Beneficiary and the person to whom the property is to be sold or transferred agree that the credit of such person is satisfactory to Beneficiary and adjust the rate of interest payable on the sums secured by this Deed of Trust as Beneficiary may request. Such an agreement shall waive Beneficiary's right to accelerate as to the specific sale or transfer contemplated thereby, but not as to any future sale or transfer. Notwithstanding any language contained in any note secured by this Deed of Trust, Grantors shall not be obligated to pay to Beneficiary any prepayment fee or penalty if Beneficiary exercises its option to accelerate; provided, however, that if any note secured by this Deed of Trust calls for calculating the amount due upon prepayment or acceleration according to the Rule of 76's, the sum of the periodic balances method, or other similar method, such method shall not be deemed a prepayment fee or penalty.

EXECUTED this the 27th day of September, 2001.



_____
Tommy Earl Wells, Jr.

_____
Cheryl Lynn Wells

WRR09.2601cc
GF#01-0006NAC HSB/Wells

BENEFICIARY'S ADDRESS:

Huntington State Bank
P.O. Box 1090
Huntington, TX 75949

TRUSTEE'S ADDRESS:

Kenneth W. Marshall
P.O. Box 1728
Lufkin, TX 75902-1728

THE STATE OF TEXAS       }

COUNTY OF ANGELINA       }

This instrument was acknowledged before me on the 27th day of September, 2001, by Tommy Earl Wells, Jr. and wife, Cheryl Lynn Wells.

William R. Ricks
Notary Public
State of Texas
My Commission Expires
04-22-2005

Notary Public - State of Texas
Printed Name: _____
My Commission Expires: _____

-6-